FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAR 1 3 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

ASLLAN MUJA,

Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

00-CR-240-10 (NGG)

Defendant Asllan Muja ("Defendant" or "Muja") requests resentencing in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). By Summary Order dated June 23, 2004, the Second Circuit Court of Appeals affirmed the judgment of conviction and sentence entered by this court on March 12, 2002. By Mandate dated September 8, 2005, upon the application of the Defendant and with the consent of the Government, the Court of Appeals modified the June 23, 2004 summary order and remanded the case to this court for further sentencing proceedings consistent with the Supreme Court's decision in Booker and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). For the reasons set forth below, the request for resentencing is denied.

## I.    Factual Background

### Defendant's Crime

Defendant was convicted after jury trial of two substantive and two conspiratorial counts of drug trafficking, see 21 U.S.C. §§ 952(a), 953(a), 960(a)(1), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(2)(B)(ii), 963, and one substantive and one conspiratorial count of money laundering, see 18 U.S.C. §§ 1956(a)(2)(B), 1956(h). (March 7, 2002 Transcript of Sentencing ("Tr.") at 29;

Pre-Sentence Report ("PSR") at 5.)

The convictions stem from Defendant's supervisory role in a drug smuggling organization based in Queens, New York as well as various locations in Asia and Europe. (PSR ¶ 37.) Defendant trained Dayna Twilligear and Hatigue Arifi, his common-law wife, in the methods of drug smuggling and supervised their trips, purchased their airline tickets, made hotel arrangements, and accompanied them to their final destination where the narcotics were delivered. Defendant further instructed the couriers in the methods of concealing the narcotics, including using girdles, spraying perfume to prevent detection, and which Customs Inspectors to go to in order to avoid having their passports stamped. (Id.) In addition, evidence at trial adduced that he forced Ms. Twilligear to have sex with him as a pre-requisite for her to work as a drug-smuggler and provided her with drugs in order to persuade her to continue smuggling drugs. (Tr. at 16.) Defendant, himself, made sixteen trips abroad in order to smuggle drugs, transported at least sixteen kilograms of cocaine and five kilograms of heroin, and received at least $123,500 in drug smuggling proceeds. (PSR ¶¶ 38-39.)

**Sentencing**

Defendant was sentenced on March 7, 2002. At that time, I adopted the Probation Department's calculation of a Total Offense Level of 37 and a Criminal History Category of I. (Tr. at 18, 28-29; PSR ¶ 42, 45.) Based on these calculations, the sentence range was from 210 to 262 months. I then discussed Defendant's conduct and the Sentencing Guidelines range:

> It has been proven before a jury that Mr. Muja's conduct was extensive, his illegal conduct was extensive, that his trips to other countries occurred with such frequency that he was clearly involved in this drug enterprise, money laundering enterprise, on a very deep basis, and it is difficult for the Court to ignore all of that.

> The Court is inclined to give Mr. Muja the maximum. The only
> reason that I will not give Mr. Muja the maximum is because what
> he has done, the Court is not going to build upon and augment the
> harm that he has caused to his family. The fact that I don't give
> you 262 months is not because of you, Mr. Muja. Your behavior
> was reprehensible. The reason I won't give you 262 months is
> because your family doesn't deserve it and when you complete
> your sentence that I give you[,] perhaps you will have thought
> about the kind of life of crime that you've led and that you'll go
> back to your family and make up to them for what you have done
> to them and what your absence is going to do to them.
>
> So, I want to make it clear that I don't disagree with the
> government that you deserve all 262 months for this crime and that
> I am tempted, sorely tempted, to give you the full amount. You
> asked for it, you deserve it, you ought to get it. It is only because
> of your children and your other family members that you're not
> getting it. You can thank them.

(Tr. at 29-30.) I then sentenced him to 210 months and four years of supervisory release. (Id. at 30-31)

## II.  Legal Analysis

In Booker, the Supreme Court held that the statutory requirement that district judges mechanically apply the United States Sentencing Guidelines ran afoul of the Sixth Amendment of the United States Constitution. See Booker, 125 S.Ct. at 756. Specifically, Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id.

In Crosby, the Second Circuit addressed precisely how district courts should approach sentencing after Booker:

> First, the Guidelines are no longer mandatory. Second, the sentencing
> judge must consider the Guidelines and all of the other factors listed

> in [18 U.S.C. § 3553(a)]. Third, consideration of the Guidelines will
> normally require determination of the applicable Guidelines range, or
> at least identification of the arguably applicable ranges, and
> consideration of applicable policy statements. Fourth, the sentencing
> judge should decide, after considering the Guidelines and all the other
> factors set forth in section 3553(a) whether [(i)] to impose the
> sentence that would have been imposed under the Guidelines, *i.e.*, a
> sentence within the applicable Guidelines range or within permissible
> departure authority, or (ii) to impose a non-Guidelines sentence.
> Fifth, the sentencing judge is entitled to find all the facts appropriate
> for determining either a Guidelines sentence or a non-Guidelines
> sentence.

Crosby, 397 F.3d at 113.

In addition to requiring the courts to consider the Sentencing Guidelines, 18 U.S.C. § 3553(a) requires the court to consider the following factors in imposing a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)":

> (1) the nature and circumstances of the offense and the
> history and characteristics of the defendant;
> (2) the need for the sentence to be imposed—
> > (A) to reflect the seriousness of the offense, to
> > promote respect for the law, and to provide just
> > punishment for the offense;
> > (B) to afford adequate deterrence to criminal
> > conduct;
> > (C) to protect the public from further crimes of the
> > defendant; and
> > (D) to provide the defendant with needed educational
> > or vocational training, medical care, or other
> > correctional treatment in the most effective manner;
> (3) the kinds of sentences available . . .
> (5) any pertinent policy statement issued by the Sentencing
> Commission pursuant to 28 U.S.C. 944(a)(2) that is in effect
> on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities
> among defendants with similar records who have been found
> guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

Since Crosby, the Second Circuit has explained that "[c]onsideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in there record and the statutory guideposts." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006).

With respect to those sentences that were on direct appeal at the time Booker was decided, the Second Circuit remands the case "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." Crosby, 397 F.3d at 117 (emphasis in original). Crosby requires the district court to determine "whether a materially different sentence would have been imposed" had Booker been the law of the land at the time of sentencing. United States v. Williams, 399 F.3d 450, 460 (2d Cir. 2005).

The district court must make the decision as to whether to resentence "after considering the currently applicable statutory requirements as explicated in [Booker] and [Crosby]." Crosby, 397 F.3d at 120. This decision must be made "based on the circumstances at the time of the original sentence." Id. In making the decision as to whether to resentence, "the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant." Id.

## III. Discussion

Even after taking into account the additional discretion I have to apply the Section 3553(a) factors under Booker and Crosby, I would not impose a sentence that is different than

-5-

210 months. In short, I find that 210 months is the minimum sentence required to satisfy the 3553(a) factors. Defendant's conduct was extremely serious. He supervised an extensive drug smuggling ring over many years, trained smugglers, including his common-law wife and a woman who he forced to have sex with him, on how to import and export drugs and its proceeds without detection. The fact that Congress has enacted a specific criminal statute that provides serious penalties for such conduct reflects this significant risk. The lengthy sentencing range provided by the Sentencing Guidelines confirms the seriousness of this conduct.

A sentence of 210 months reflects the seriousness of the crime, deters individuals convicted of felonies from possessing guns, and prevents Defendant from harming the public for a significant period of time. A shorter sentence would fail to achieve these objectives.

## IV. Conclusion

After fully considering all relevant facts, in accordance with 18 U.S.C. § 3553, Booker and Crosby, this court finds that resentencing of the Defendant is unwarranted in this case because there would be no material difference between a post-Booker sentence and the previously imposed sentence. Therefore, Defendant's request for resentencing is hereby DENIED.

SO ORDERED.

Dated: March 13, 2008
Brooklyn, N.Y.

/signed/
_____
Nicholas G. Garaufis
United States District Judge